UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL K GREGORY, | ) |
|         Plaintiff, | ) |
| v. | ) No. 2:22-cv-00404-JPH-MG |
| ROBERT E CARTER, JR., | ) |
| DAVID LIEBEL, | ) |
| D. BEDWELL, | ) |
| ARAMARK FOOD SERVICES, | ) |
| CHRISTINA REAGLE, | ) |
|         Defendants. | ) |

**Order Screening Amended Complaint**

Plaintiff Michael Gregory is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action alleging various State officials violated his civil rights by denying him a Kosher diet. The original complaint was screened, and the defendants appeared and answered the complaint. Now before the Court is plaintiff's amended complaint. Because the plaintiff is a "prisoner," this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Gregory has sued eight defendants: Robert Carter, the former Commissioner of the Indiana Department of Correction (IDOC); David Liebel, the Director of Religious Services at IDOC; D. Bedwell, Director of Food Services at Wabash Valley; Aramark Food Services, the Indiana Department of Correction, Wabash Valley Correctional Facility, an unknown unit team manager, and an unknown lieutenant. The amended complaint makes the following allegations.

Mr. Gregory practices Judaism/Hebrew-Israelite. As part of his religious practices, Mr. Gregory requires an all-Kosher diet. However, Mr. Gregory alleges he has been denied a "true" Kosher diet, which includes meals that are "double sealed" from a Kosher manufacturer. Mr. Gregory's sincerely held religious belief dictate that he consumes beef, chicken, pheasant, duck, fish, veal, eggs, and real-milk and cheese from a cow. He requires 20-slices of bread every-other-day and a variety of cereals. He also requires real orange, apple, grape juice. Mr. Gregory also requires specific Kosher food products between sunset on Friday through sunset on Saturday. Dkt. 14 at p. 3-4.  Mr. Gregory has been provided "fake Kosher meals," but those are not an appropriate substitute. *Id.* at 4. As a result of eating a non-Kosher diet, his religious practice has been impaired, and he has also suffered from gastro-intestinal pain. He contends all of the individual defendants either participated in providing him non-Kosher meals or refused to make appropriate changes.

Mr. Gregory contends that white inmates who practice Judaism have had their diets modified. However, he contends his diet has not been modified because he is black.

One time when Mr. Gregory received his meal, there were a swastika, lightning bolts, and a white power symbol on the lid of the meals. He contends people at Wabash Valley have an anti-black and anti-Jewish sentiment.

Mr. Gregory seeks money damages, declaratory, and injunctive relief.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint certain claims are dismissed while other claims shall proceed as submitted.

    A.    **Dismissed Claims**

First, Mr. Gregory's claims against Unknown Lieutenant and Unknown Unit Team Manager are dismissed because "it is pointless to include [an] anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up). If Mr. Gregory learns the name of the unknown defendants through discovery, he may seek leave to add them as defendants. For now, these claims are **dismissed**.

Second, Mr. Gregory's claims against the Indiana Department of Correction and Wabash Valley Correctional Facility are dismissed because neither party is a "person" for purposes of Section 1983, and so neither one is capable of being sued under Section 1983. *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person" that can be sued under § 1983); *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("As for the defendant prison, the Correctional Industrial Facility, a building is not a person capable of being sued under § 1983"). These claims are **dismissed**.

### B. Claims that Shall Proceed

Mr. Gregory has plausibly alleged a First Amendment free exercise claim for damages against Robert Carter, David Liebel, and D. Bedwell for denying him a Kosher diet. *Hernandez v. Comm'n of Internal Revenue*, 490 U.S. 680, 699 (1989) ("The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice, and if so, whether a compelling government interest justifies the burden."); *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005) ("In the context of the Free Exercise Clause, [the plaintiff] must first establish that his right to practice [his religion] was burdened in a significant way."). These claims shall **proceed**.

Mr. Gregory has plausibly alleged an Equal Protection claim for damages against Robert Carter, David Liebel, and D. Bedwell for treating him differently than they treated similarly situated white inmates who practice Judaism. *Hope v. Comm'n of Ind. Dep't of Corr.*, 9 F.4th 513, 528 – 529 (7th Cir. 2021) ("The Fourteenth Amendment's Equal Protection Clause guarantees that 'No state shall . . . deny to any person within its jurisdiction the equal protection of the law."); *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000) (elements of an equal protection claim). Relatedly, the claim based on Mr. Gregory's receipt of a food tray with a swastika, lightning bolts, and a white power symbol on the lid on October 30, 2020, may proceed against D. Bedwell because she was allegedly personally responsible for the inspection of Mr. Gregory's meal tray. These claims shall **proceed**.

Mr. Gregory has likewise plausibly alleged a *Monell* claim for damages against Aramark Food Services for embracing a policy or practice of denying inmates Kosher meals. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021) (a private corporation that

4

contracts with a prison may be liable for constitutional violations under § 1983 if the corporation's policies, practices, or customs causes constitutional violations). This claim shall **proceed**.

Finally, Mr. Gregory has plausibly alleged an injunctive relief claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 1013) ("RLUIPA . . . provides that the government may not impose a substantial burden on the religious exercise of a person residing in or confined to an institution unless the burden is the least restrictive means of serving a compelling government interest."). The proper defendant for a RLUIPA claim is the Commissioner of the Indiana Department of Correction in her official capacity, *see e.g. Jones v. Carter*, 915 F.3d 1147, 1148 (7th Cir. 2019), and so the Court substitutes Christina Reagle as the proper defendant since Robert Carter is no longer the Commissioner. *See* Fed. R. Civ. P. 20(d). Mr. Gregory's claim RLUIPA against Christina Reagle shall **proceed**.

### IV. Further Proceedings

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through May 17, 2023,** in which to identify those claims.

The defendants against whom claims are proceeding in this action, have appeared by counsel. Defendants Robert E. Carter, Jr., David Liebel, and Christina Reagle have filed their answer to the Amended Complaint. Dkt. 22.

**SO ORDERED**.

Date: 4/21/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL K GREGORY
852611
Wabash Valley Correctional Facility - 1111
PO Box 1111
Carlisle, IN 47838

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com