UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL K GREGORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00404-JPH-MG |
| | ) |
| ROBERT E CARTER, JR., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Michael Gregory, a prisoner in the custody of the Indiana Department of Correction, alleges that Defendants wrongfully refused to serve him meals that complied with the requirements of his religious beliefs when he was an inmate at the Wabash Valley Correctional Facility. Mr. Gregory argues that Defendants' actions violated his right to freely exercise his religious beliefs under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and his right to equal protection of the law under the Fourteenth Amendment. Defendants Carter, Liebel, and Reagle (collectively, "State Defendants"), and Defendant Bedwell and Aramark Correctional Services, LLC (collectively, "Aramark Defendants") have filed motions for summary judgment. Dkts. 43, 47. For the reasons below, the State Defendants' motion, dkt. [43], is **GRANTED IN PART AND DENIED IN PART**, and the Aramark Defendants' motion, dkt. [47], is **GRANTED**.

## I.
## Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's

factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

### A. The Parties

At all relevant times, Mr. Gregory was an inmate of the Indiana Department of Correction ("IDOC") housed at WVCF. Dkt. 44-1 at 9 (Gregory Deposition). Defendant Carter is the former IDOC Commissioner, Defendant Reagle is the current IDOC Commissioner, and Defendant Liebel is IDOC's Director of Religious Services. Dkts. 44-5 at 1 (Liebel Affidavit). Defendant Bedwell is employed by Aramark Correctional Services, LLC ("Aramark") as the Food Services Director at WVCF. Dkt. 49-1 at 1 (Bedwell Affidavit). Aramark is a private corporation that contracted with IDOC to provide nutritional services for inmates. *Id.*

### B. Mr. Gregory's Receipt of Kosher Meals

Mr. Gregory began practicing Judaism as a Hebrew Israelite in 2008. Dkt. 44-1 at 12. Upon his arrival at WVCF, he was placed on a kosher diet to conform with his religious beliefs. *Id.* at 13. IDOC has established separate kitchens specifically to prepare kosher meals and "had a Rabbi approve both

the preparation and delivery of the Kosher diet meals." *See* dkt. 44-5 at 2. All kosher meals are the same for every inmate, regardless of an inmate's age, sex, or race. *Id.* at 2.

Mr. Gregory testified that he believes the IDOC kosher diet consists of "fake kosher meals." Dkt. 44-1 at 51. He further testified that under his religious beliefs, "I must consume meat, I must consume cheese, and I must consume meat and berries," but that IDOC's kosher meals instead contain soy and rotten fruit. *Id.* at 37–40. He further testified that he believes white Jewish inmates receive different kosher meals than black Jewish inmates. Dkt. 44-1 at 59–60.

### III.
### Discussion

Mr. Gregory alleges that Defendant Bedwell and the State Defendants violated the First and Fourteenth Amendments and RLUIPA by denying him a particular diet and treating him differently than similarly situated white inmates who practice Judaism. He also brings a *Monell* policy claim against Aramark based on this denial. Defendants have moved for summary judgment on all of Mr. Gregory's claims.

#### A. RLUIPA and First Amendment Free Exercise Claims

##### 1. Applicable Legal Standards

To succeed on his RLUIPA or First Amendment free-exercise claims, Mr. Gregory must show that the defendants "personally and unjustifiably placed a substantial burden on his religious practices." *Thompson v. Holm*, 809 F.3d

4

376, 379 (7th Cir. 2016); *see West v. Radtke*, 48 F.4th 836, 843 (7th Cir. 2022) (noting that the same substantial burden standard applies to the Free Exercise Clause and RLUIPA). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson*, 809 F.3d at 379; *see also West*, 48 F.4th at 844 ("A plaintiff raising a RLUIPA claim bears the initial burden to make a prima facie case that a prison practice substantially burdens his sincere religious exercise."). "[A]n inmate is not entitled to follow every aspect of his religion; the prison may restrict the inmate's practices if its legitimate penological interests outweigh the prisoner's religious interests." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Thus, even a substantial burden is permitted if the burden is "reasonably related to legitimate penological objectives." *Vinning-El v. Evans*, 657 F.3d 591, 592–93 (7th Cir. 2011) (citing *Turner v. Safley*, 482 U.S. 78, 89–91 (1987)).

Mr. Gregory's RLUIPA claim is for injunctive relief only. Dkt. 28 at 5; *see Greene v. Teslik*, No. 21-2154, 2023 WL 2320767 at *3 (7th Cir. Mar. 2, 2023). To obtain injunctive relief for his RLUIPA claims, Mr. Gregory must show: "(1) success … on the merits; (2) irreparable harm; (3) that the benefits of granting the injunction outweigh the injury to the defendant; and (4) that the public interest will not be harmed by the relief requested." *Lacy v. Cook County*, 897 F.3d 847, 867–68 (7th Cir. 2018).

### 2. Substantial Burden on a Sincerely Held Religious Belief

Defendant Bedwell and the State Defendants argue that they are entitled

to summary judgment on Mr. Gregory's free exercise claims because they have not substantially burdened his religious exercise. Specifically, they argue that because Mr. Gregory has been provided a standard, kosher diet and has purchased non-kosher commissary items, they are entitled to summary judgment. Mr. Gregory argues in response that his requested diet is required by his sincerely held religious beliefs, and that IDOC's standard kosher diet is not sufficient for the exercise of his personal religious faith.

 First, Defendant Bedwell and the State Defendants argue that Mr. Gregory's religious beliefs are not sincere because he has purchased non-kosher commissary items. *See* dkt. 45 at 5; dkt. 48 at 15. Citing a district court opinion, they argue that Mr. Gregory cannot profess a sincerely held religious belief if he acts hypocritically by their standards. But in his deposition, Mr. Gregory explained that he perceives IDOC's standard kosher diet to be non-kosher, so he must choose to buy commissary items "just . . . to eat every day." Dkt. 44-1 at 17–18. Mr. Gregory testified further that under his religion as a Hebrew Israelite, he must consume meat, cheese, nuts, and berries. *Id.* at 37. He therefore has designated evidence that his requested diet was based on a sincerely held religious belief. *See, e.g.*, *Koger v. Bryan*, 523 F.3d 789, 797 (7th Cir. 2008). Given this testimony, a reasonable jury could find that Mr. Gregory's requested diet was based on a sincerely held religious belief, so Defendant Bedwell and the State Defendants are not entitled to summary judgment on this basis.

 Defendant Bedwell and the State Defendants also argue that they did not

6

substantially burden Mr. Gregory's religious exercise because they provide him with IDOC's traditional kosher meals, which are prepared in a separate kitchen and have been approved by a Rabbi. *See* dkt. 44-3 at 1–2 (describing rabbi-approved preparation and delivery of IDOC's kosher meals). Defendants' argument, however, assumes that IDOC's kosher meals must satisfy Mr. Gregory's beliefs because they are traditionally kosher. But Mr. Gregory has testified that his religion requires him to consume certain types of foods that IDOC's traditional kosher meals do not provide. Dkt. 44-1 at 37.[1] Even if those beliefs are specific to Mr. Gregory, "[a] personal religious faith is entitled to as much protection as one espoused by an organized group." *Vinning-El v. Evans*, 657 F.3d 591, 593 (7th Cir. 2011). So Defendants cannot merely assume that just because IDOC's standard kosher diet may be satisfactory for some inmates' personal religious faith, then it therefore must follow that the standard kosher diet must also suffice for Mr. Gregory's personal religious faith. Defendant Bedwell and the State Defendants are not entitled to summary judgment based on this basis either.

The State Defendants do not raise any other bases for summary judgment. Therefore, they are not entitled to summary judgment on Mr.

---

[1] Defendants' filings indicate their understanding that Mr. Gregory is requesting specific foods, including pheasant, duck, veal, and cheese. Dkt. 45 at 2. Viewed in the light most favorable to Mr. Gregory, the designated evidence is not clear that he's requesting each of those foods specifically, instead of listing them as examples. *See* dkt. 44-1 at 37. Regardless, the IDOC Defendants do not argue, at least at this stage, that their burden of providing any certain diet to Mr. Gregory would be too heavy; they argue only that Mr. Gregory's religious beliefs are not substantially burdened. *See* dkt. 45.

Gregory's First Amendment and RLUIPA free-exercise claims.

Finally, Defendant Bedwell argues that he "was not given the authority or ability to serve the meal requested by" Mr. Gregory, and therefore "cannot be held responsible." Dkt. 48 at 15. His sworn affidavit says that he does not "have the ability or authority to serve" Mr. Gregory's requested diet to him because he "cannot make unilateral decisions on what food he is served," as "[a]ny changes to the kosher meals must be approved by the IDOC." Dkt. 49-1 ¶ 7, 10–11. Mr. Greogry has not designated any contrary evidence. Because Defendant Bedwell did not have the authority to provide Mr. Gregory his requested diet, he cannot be held liable for a failure to provide that diet. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights . . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job."). Accordingly, Defendant Bedwell is entitled to summary judgment on this basis as to Mr. Gregory's free-exercise claims.

**B. Fourteenth Amendment Equal Protection**

Next, Defendant Bedwell and the State Defendants seek summary judgment on the grounds that Mr. Gregory was not treated differently than any similarly situated inmates outside of his race. "The Equal Protection Clause of the Fourteenth Amendment prohibits intentional and arbitrary discrimination." *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 696 (7th Cir. 2015). To survive summary judgment for his equal protection claim, Mr. Gregory must show that (1) he was a member of a protected class, (2) he was

8

treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). "Protection from disparate treatment based upon race does not vanish merely because a person is incarcerated." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019).

Here, Defendant Bedwell and the State Defendants are entitled to summary judgment because Mr. Gregory has designated no admissible evidence showing that he received a different kosher meal than any similarly situated Jewish inmates outside of his race. In his deposition, Mr. Gregory claims to have discovered "through word of mouth" and "various researching" that he and other black Jewish inmates have been provided kosher meals that are different than the "real and true kosher meat meals" provided to white Jewish inmates. Dkt. 44-1 at 59–60. But he offers no admissible evidence to rebut the Defendants' evidence that "[k]osher diet meals at WVCF and NCCF are standard and the same for each and every inmate who requests one." *See* dkt. 44-5 at 2. Mr. Gregory's vague and conclusory statements are insufficient to create a genuine issue of material fact. *See Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough.") (cleaned up).

In short, Mr. Gregory's "claim of race discrimination is supported only by speculation and conjecture, which is not enough to survive summary

9

judgment." *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). Because Mr. Gregory cannot demonstrate that Defendant Bedwell and the State Defendants treated him differently than other, similarly situated inmates of a different race, Defendant Bedwell and the State Defendants are entitled to summary judgment on his Equal Protection claims.

### C. *Monell* Claim Against Aramark

Finally, Aramark seeks summary judgment on Mr. Gregory's *Monell* policy claim. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as government actors for purposes of Section 1983. *Dean v. Centurion Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). Aramark cannot be held liable under the common-law theory of respondeat superior for its employees' actions. *Howell v. Centurion Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). Rather, to prevail on a *Monell* claim, "a plaintiff must ultimately prove three elements: (1) an action pursuant to a municipal policy, practice, or widespread custom; (2) culpability, meaning that policymakers were deliberately indifferent to a known risk that the policy would lead to constitutional violations; and (3) causation, meaning the municipal action was the 'moving force' behind the constitutional injury." *Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020).

Mr. Gregory has not identified what alleged policy or practice forms the basis of his *Monell* claim against Aramark. At most, Mr. Gregory argues that Aramark's denial of his desired food items stemmed from an unspecified policy

10

it maintains. But again, vague and conclusory statements are insufficient to create a genuine issue of material fact as to whether Aramark has a widespread policy that resulted in a constitutional injury to Mr. Gregory. *Daugherty*, 906 F.3d at 611.

Additionally, Aramark does not possess the authority to serve Mr. Gregory his requested diet. Under Aramark's contract with IDOC, Aramark has no authority to make unilateral modifications to the kosher meals that IDOC approves, as "any changes to the kosher meals must be approved by the IDOC." Dkt. 49-1 ¶ 7. So if failing to serve Mr. Gregory his requested diet violates his constitutional rights, the "moving force" behind that violation would be IDOC, not Aramark. *Hall*, 953 F.3d at 950.

Based on the undisputed evidence, a reasonable jury could not find that Aramark has violated Mr. Gregory's constitutional rights through its corporate action. *Dean*, 18 F.4th at 236. Aramark is therefore entitled to summary judgment.

**D. Motion to Strike Surreply**

First, Defendants have filed a motion to strike Mr. Gregory's surreply at Docket No. 57, arguing that Mr. Gregory was not entitled to file a surreply in opposition to Defendants' summary judgment motion. Dkt. 58. The Court's local rules allow parties opposing summary judgment to file surreplies only in limited circumstances:

> A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply

11

> must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections.

S.D. Ind. Local Rule 56-1(d).  In this case, Defendants' reply cited to no new evidence, nor did it object to the admissibility of any evidence.  *See generally* dkts. 55, 56.  Because Mr. Gregory's surreply does not conform to S.D. Ind. Local Rule 56-1(d), it has not been considered.  Consistent with the foregoing, Defendants' motion to strike, dkt. [58], is **GRANTED**.  The **clerk is directed** to strike the surreply filed at Docket No. 57.

## IV.
## Conclusion

The State Defendants' motion for summary judgment, dkt. [43], is **GRANTED IN PART AND DENIED IN PART**.  The State Defendants' motion is **DENIED** as to Mr. Gregory's First Amendment and RLUIPA claims and **GRANTED** as to his Fourteenth Amendment claim.  State Defendants' motion to strike surreply, dkt. [58], is **GRANTED**.

The Aramark Defendants' motion for summary judgment, dkt. [47], is **GRANTED**.  The **clerk shall terminate** Defendants Bedwell and Aramark on the docket.

The Court prefers that Mr. Gregory be represented by counsel for the remainder of this action.  The **clerk is directed** to send Mr. Gregory a motion for assistance recruiting counsel with his copy of this Order.  Mr. Gregory shall have **twenty-one days** to file a motion for counsel using this form motion or to inform the Court that he wishes to proceed pro se.  Once the motion has been

12

ruled on and counsel has been recruited, the magistrate judge is asked to schedule a telephonic status conference to discuss further proceedings.

**SO ORDERED.**

Date: 9/30/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MICHAEL K GREGORY
852611
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362